UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BARAKA SMITH,

        Plaintiff,

– against –

CITY OF NEW YORK, FIRE COMMISSIONER DANIEL NIGRO (in his official capacity), SALVATORE CORALLO (individually) & PATRICK MULLANEY (individually),

        Defendants.

SALVATORE CORALLO (individually),

        Counterclaimant,

– against –

BARAKA SMITH,

        Counterdefendant.

**MEMORANDUM & ORDER**
14-CV-4982

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 30 2015 ★

BROOKLYN OFFICE

**Parties**

**Baraka Smith**

**Appearances**

Pamela Denise Hayes
Pamela D. Hayes, Attorney at Law
200 West 57th Street
Suite 900
New York, NY 10019

1



| | |
|---|---|
| **The City of New York** | Rachel Anne Cartwright<br>William A. Grey<br>New York City Law Department<br>100 Church Street<br>New York, NY 10007 |
| **Fire Commissioner Daniel Nigro** | Rachel Anne Cartwright<br>William A. Grey<br>(see above for address) |
| **Salvatore Corallo** | Jorge Armando Vasquez<br>Law Offices of Voronovitskaia & Vasquez, PC<br>600 3rd Avenue, 2nd Floor<br>New York, NY 10016 |
| **Patrick Mullaney** | Gracie Christine Wright<br>Matthew Didora<br>Ruskin Moscou Faltischek, P.C.<br>1425 Rexcorp Plaza<br>15th Floor, East Tower<br>Uniondale, NY 11556 |

JACK B. WEINSTEIN, Senior United States District Judge:

**Table of Contents**

I. Introduction ...................................................................................................................4
II. Underlying Lawsuit .......................................................................................................4
III. Withdrawn Claims.........................................................................................................5
   A. Title VII and Section 1981 Claims Against Corallo and Mullaney Withdrawn .................5
   B. Section 1981 Claim Against Fire Commissioner Nigro Withdrawn...........................5
   C. False Arrest, False Imprisonment, Loss of Consortium Claims Withdrawn......................5
   D. Malicious Prosecution Counterclaim against Plaintiff-Counterdefendant Withdrawn .......6
   E. Crossclaim against Plaintiff's Counsel for Defamation Withdrawn and Stricken ..............6
IV. Standard: Motion to Dismiss for Failure to State a Claim .......................................................6
V. Negligent Infliction of Emotional Distress...........................................................................7
   A. Law......................................................................................................................7
   B. Application of Law to Facts ......................................................................................8
      1. Claim Against Nigro Dismissed .............................................................................8
      2. Claims Against Corallo and Mullaney Dismissed...................................................8
VI. Malicious Prosecution Claims Agaist Corallo and Mullaney Dismissed...........................8
   A. Law......................................................................................................................8
   B. Application of Law to Facts ......................................................................................9
      1. Claim Against Corallo .............................................................................................9
      2. Claim Against Mullaney..........................................................................................9
VII. Counterclaims for Defamation and Negligent Infliction of Emotional Distress Dismissed9
   A. Defamation: Libel and Slander................................................................................9
      1. Law: Statements Made During Court Proceedings...................................................9
      2. Facts and their Application to Law........................................................................10
   B. Counterclaims Dismissed .......................................................................................10
      1. Law .....................................................................................................................10
      2. Facts and their Application to Law........................................................................11
VIII. Plaintiff-Counterdefendant's Motion for Attorney's Fees and Costs Denied ...................11
IX. Defendant Mullaney's Motion for Attorney's Fees and Costs Denied .............................11
X. Counterclaimant-Defendant Corallo's Motion to Stay the Proceedings Denied..............12
XI. Conclusion...................................................................................................................12

## I. Introduction

The basic contention in this case is that when plaintiff, a New York City firefighter, entered his station house he was sexually attacked by White firefighters Salvatore Corallo and Patrick Mullaney. Plaintiff-counterdefendant Baraka Smith, an African American, moves to dismiss counterclaims for defamation and negligent infliction of emotional distress brought by defendant-counterclaimant Salvatore Corallo. Pl.'s Mot. Dismiss, ECF No. 35; Pl.'s Reply in Support of its Mot. Dismiss, ECF No. 43.

Corallo had alleged that the underlying lawsuit, brought by Smith, caused him injury. Def. Corallo's Am. Answer with Countercls., ECF No. 37.

Plaintiff-counterdefendant's motion to dismiss is granted. Corallo's counterclaims have no merit. They are dismissed with prejudice.

Following a hearing, withdrawn claims and motions are addressed. *See* below.

## II. Underlying Lawsuit

Plaintiff-counterdefendant Smith, brings claims against the City of New York for (1) sex-based discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq.*; (2) race-based disparate treatment, in violation of 42 U.S.C. § 1981(a); and (3) failure to adequately train and supervise, pursuant to *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). *See* Compl., ECF No. 1.

The City and defendant Nigro filed an answer denying culpability. *See* Defs. City and Nigro's Answer, ECF No. 10.

## III. Withdrawn Claims

### A. Title VII and Section 1981 Claims Against Corallo and Mullaney Withdrawn

Plaintiff-counterdefendant withdrew his Title VII and section 1981 claims against defendants Corallo and Patrick Mullaney. Hr'g Tr. 21:20–22:4, 26:4–7, June 3, 2015 (withdrawing Title VII claim against defendants Corallo and Mullaney); Pl.'s Opp'n to Def. Mullaney's Mot. Dismiss 7 (clarifying that section 1981 claim is only against the City of New York), 8 ("Mullaney should still be responsible for his actions maybe just under another count, but admittedly not for Sexual Harassment under Title VII."), ECF No. 25.

In view of these withdrawals, Mullaney and Corallo's motions to dismiss these claims are moot. *See* Def. Mullaney's Mot. Dismiss, ECF No. 17; Def. Corallo's Am. Answer, ECF No. 37 (amended answer includes motion to dismiss).

### B. Section 1981 Claim Against Fire Commissioner Nigro Withdrawn

Plaintiff-counterdefendant withdrew his section 1981 claims against defendant Nigro. Pl.'s Opp'n to Def. Mullaney's Mot. Dismiss 7, ECF No. 25 (stating that section 1981 claim is only brought against the City of New York).

### C. False Arrest, False Imprisonment, Loss of Consortium Claims Withdrawn

Plaintiff-counterdefendant withdrew his claims against the City, Corallo, Mullaney and Nigro for false imprisonment, false arrest, and loss of consortium. Pl.'s Opp'n to Def. Mullaney's Mot. Dismiss 10, ECF No. 25 (False arrest and false imprisonment claims against Corallo and Mullaney "cannot be treated as matured as they have not been resolved."); Hr'g Tr. 20:23 ("The loss of consortium [claim] . . . I admitted they would not be responsible."); 20:24–21:7.

### D. Malicious Prosecution Counterclaim against Plaintiff-Counterdefendant Withdrawn

Defendant-counterclaimant Corallo withdrew his counterclaim against plaintiff-counterdefendant Smith for malicious prosecution. Corallo's Resp. to Pl.'s Mot. Dismiss 3, ECF No. 39; *cf.* Hr'g Tr. 15:1–5.

Plaintiff-counterdefendant's motion to dismiss that counterclaim is moot. *See* Pl.'s Mot. Dismiss, ECF No. 35.

### E. Crossclaim against Plaintiff's Counsel for Defamation Withdrawn and Stricken

Corallo withdrew his crossclaim for defamation against attorney Pamela D. Hayes. Corallo's Resp. to Pl.'s Mot. Dismiss 3, ECF No. 39; *cf.* Hr'g Tr. 10:17–22. Plaintiff-counterdefendant's motion to dismiss the crossclaim is moot. *See* Pl.'s Mot. Dismiss, ECF No. 35.

Any mention of wrongdoing by plaintiff's attorney is stricken. Hr'g Tr. 12:9–14.

## IV. Standard: Motion to Dismiss for Failure to State a Claim

"[A] complaint must contain sufficient factual matter accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citation omitted).

"On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor." *Belfiore v. Procter & Gamble Co.*, 14-CV-4090, 2015 WL 1402313, at *3 (E.D.N.Y. Mar. 25, 2015) (internal quotation marks and citation omitted). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 583 (2007) (citation

omitted and internal quotation marks omitted). It is the "legal feasibility of the complaint," and not the weight of the evidence, that must be assessed. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010).

## V. Negligent Infliction of Emotional Distress

This court *sua sponte* dismisses the claim for negligent infliction of emotional distress against defendant Nigro.

Corallo and Mullaney move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the negligent infliction of emotional distress for failure to state a claim. Def. Mullaney's Mot. Dismiss 1, ECF No. 17; Def. Corallo's Am. Answer with Countercls., ECF No. 37 (moving to dismiss).

### A. Law

"Under New York law, the tort of negligent infliction of emotional distress has four elements: (1) breach of a duty owed to the plaintiff, which breach either unreasonably endangered the plaintiff's physical safety or caused the plaintiff to fear for his or her physical safety; (2) extreme and outrageous conduct; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Francis v. Kings Park Manor, Inc.*, 14-CV-3555, 2015 WL 1189579, at *13 (E.D.N.Y. Mar. 16, 2015) (citations and quotation marks omitted).

Claims for negligent infliction of emotional distress fail when "no allegations of negligence appear in the pleadings." *Friedman v. Self Help Cmty. Servs.*, 11-CV-3210, 2015 WL 1246538, at *19 (E.D.N.Y. Mar. 17, 2015) (citation and internal quotation marks omitted).

Intentional acts "cannot form the basis of an action sounding in negligence." *Cummins v. Schouten*, 554 N.Y.S.2d 369 (App. Div. 3d Dep't 1990) (internal citations omitted). Assault is an intentional tort that cannot sound in negligence. *See also Wahlstrom v. Metro-N. Commuter R.R. Co.*, 89 F. Supp. 2d 506, 532 (S.D.N.Y. 2000) (citing Prosser & Keeton, *Prosser and*

*Keeton on the Law of Torts*, § 10 at 46 (5th ed. 1984)) ("There is . . . no such thing as a negligent assault.").

### B. Application of Law to Facts

#### 1. Claim Against Nigro Dismissed

The negligent infliction of emotional distress claim against Nigro is dismissed. It is not conceivable that Nigro had anything to do with this event. Hr'g Tr.

#### 2. Claims Against Corallo and Mullaney Dismissed

The claims for negligent infliction of emotional distress against Corallo and Mullaney are based on the intentional act of alleged assault. Compl. ¶¶ 39–40. But assault cannot sound in negligence. The claims are dismissed.

## VI. Malicious Prosecution Claims Agaist Corallo and Mullaney Dismissed

The court *sua sponte* dismisses the malicious prosecution claims against defendants Mullaney and Corallo.

### A. Law

Under New York law, malicious prosecution arises when "(1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice and, (4) the matter *terminated* in plaintiff's favor." *Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010) (citation omitted) (emphasis added).

Thus, a *pending* action in state court, not yet resolved, cannot be the basis for a malicious prosecution claim. *See Gem Fin. Serv., Inc. v. City of New York*, 13-CV-1686, 2014 WL 1010408, at* 10 (E.D.N.Y Mar. 17, 2014) (finding that malicious prosecution claims cannot succeed absent the case favorably terminating in plaintiff's favor).

### B. Application of Law to Facts

#### 1. Claim Against Corallo

Corallo's suit against plaintiff in state court has not been decided. Plaintiff's malicious prosecution claim against Corallo is premature. It is dismissed.

#### 2. Claim Against Mullaney

Plaintiff pleads no causal connection between defendant Mullaney and plaintiff's malicious prosecution claim. The claim against defendant Mullaney is dismissed.

## VII. Counterclaims for Defamation and Negligent Infliction of Emotional Distress Dismissed

Plaintiff-counterdefendant Smith moves to dismiss defendant-counterclaimant's claims for defamation and negligent infliction of emotional distress. Pl.'s Mot. Dismiss, ECF No. 35; Mem. Supp. Pl.'s Mot. Dismiss 6–12, ECF No. 36; Pl.'s Reply Mem. in Opp'n to Corallo's Am. Compl. Countercl. & Cross-cl., ECF No. 43. Defendant-counterclaimant Corallo opposes. Corallo's Resp. to Pl.'s Mot. Dismiss, ECF No. 39.

### A. Defamation: Libel and Slander

#### 1. Law: Statements Made During Court Proceedings

"New York law creates an absolute privilege barring suits based on statements made in connection with a court proceeding. This privilege applies widely, protecting any oral or written statement as absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the litigation." *Grezak v. Grezak*, 12-CV-4520, 2014 WL 4966140, at *7 (E.D.N.Y. Sept. 30, 2014) (citations and quotation marks omitted); *El Jamal v. Weil*, 986 N.Y.S.2d 146, 148 (App. Div. 2d Dep't 2014) ("This privilege, or 'immunity' applies to statements made in or out of court, on or off the record, and regardless of the motive with which they were made." (citations omitted)) (collecting cases).

## 2. Facts and their Application to Law

Defendant-counterclaimant Corallo alleges that plaintiff-counterdefendant Smith made "false" statements when he (1) accused Corallo of "a crime of sexual misconduct;" (2) when he alleged that "Corallo and Mullaney grabbed Smith from behind simulating sexual intercourse and that at the time Corallo allegedly fondled Smith's private parts;" and (3) "leaked" the complaint to the *New York Daily News* prior to filing the complaint. Corallo's Am. Answer ¶¶ 90–91; 94, ECF No. 37.

He pleads that the complaint was filed on August 21, 2014 at 2:56 p.m. *Id.* at ¶ 97. The allegations were published in the *New York Daily News* on August 22, 2014 at 12:13 a.m. Corallo's Am. Answer ¶¶ 94–97, Ex. B, ECF No. 37. Based on this timeframe, Corallo surmises that the story was "leaked" prior to the filing of the complaint. Corallo's Am. Answer ¶ 94, ECF No. 37; Hr'g Tr. 9:16–23. This contention lacks an adequate basis. The complaint was filed prior to the news story.

Smith's allegations—made in the complaint filed in this court and reported by a news agency—are privileged. It does not matter whether the allegations were relayed a few hours before or a few hours after the complaint was filed. No case on this point has been produced.

Plaintiff-counterdefendant's motion to dismiss the claim for defamation is granted.

### B. Counterclaims Dismissed

#### 1. Law

The legal standard underlying negligent infliction of emotional distress is set out above. *See* Section V.A.

### 2. Facts and their Application to Law

Defendant-counterclaimant claims negligence but fails to plead any negligent acts. First, he argues that plaintiff-counterdefendant "acted negligently when he assaulted [c]ounterclaimant Corallo and when he attempted to file criminal charges against him falsely accusing him of sexual assault, among other allegations." Corallo's Am. Answer ¶ 102, ECF No. 37.

Assault does not sound in negligence. *See supra* Part. V.A. The filing, or attempt to file, criminal charges is not a negligent act. Counterclaimant may not transform an intentional tort into negligence by simply using the word. *Wahlstrom*, 89 F. Supp. 2d at 532 (citations and internal quotation marks omitted).

Defendant-counterclaimant alleges that plaintiff-counterdefendant "acted negligently" when "he attempted to file criminal charges against [defendant-counterclaimant] falsely accusing him of sexual assault." Corallo's Am. Answer ¶ 102, ECF No. 37. But defendant-counterclaimant fails to allege any negligent action.

Plaintiff-counterdefendant's motion to dismiss the counterclaims for defamation and negligent infliction of emotional distress is granted.

### VIII. Plaintiff-Counterdefendant's Motion for Attorney's Fees and Costs Denied

Plaintiff-counterdefendant Smith moves for costs and attorney's fees stemming from the withdrawn claims. Reply Mem. in Opp'n to Def. Corallo's Am. Compl. Countercl. & Cross-Cl. 6–7, ECF No. 42. The motion is denied for the reasons stated on the record. Hr'g Tr. 15:8–13.

Fees and disbursements will depend on the final resolution of the case. *Id.*

### IX. Defendant Mullaney's Motion for Attorney's Fees and Costs Denied

Defendant Mullaney moves for attorney's fees and costs. Mot. Dismiss, ECF No. 17. This request for an extraordinary remedy is denied.

## X. Counterclaimant-Defendant Corallo's Motion to Stay the Proceedings Denied

Defendant-counterclaimant Corallo moves to stay the instant proceedings in light of a pending case he brought in state court against Smith, the City of New York and the Fire Department of the City of New York. Corallo's Resp. to Pl.'s Mot. Dismiss 4–6, ECF No. 39. Plaintiff opposes. Pl.'s Reply Mem. in Opp'n to Corallo's Am. Compl. 3–6, ECF No. 43. For the reasons stated on the record, the motion to stay is denied. *See* Hr'g Tr. 17:6–10. This long-standing case should be disposed of promptly. *See* Fed. R. Civ. P. 1 (The Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

## XI. Conclusion

Withdrawn are plaintiff-counterdefendant's Title VII claims against Corallo and Mullaney.

Withdrawn are plaintiff-counterdefendant's section 1981 claims against defendant-counterclaimant Corallo and defendants Mullaney and Nigro.

Withdrawn is defendant-counterclaimant's counterclaim against plaintiff-counterdefendant Smith for malicious prosecution.

Withdrawn is defendant-counterclaimant's crossclaim for defamation against attorney Pamela D. Hayes.

Stricken from the record are all allegations against Pamela D. Hayes.

Withdrawn are plaintiff-counterdefendant's claims against the City of New York and defendants Nigro, Corallo and Mullaney for false imprisonment, false arrest and loss of consortium.

Plaintiff-counterdefendant Smith's claims for negligent infliction of emotional distress against Corallo, Mullaney and Nigro are dismissed. Defendant Nigro's name shall be stricken from the case caption.

Dismissed are plaintiff-counterdefendant Smith's claims against defendants Corallo and Mullaney for malicious prosecution.

Defendant-counterclaimant Corallo's counterclaims for defamation and negligent infliction of emotional distress are dismissed with prejudice.

Denied are plaintiff-counterclaimant Smith's and crossclaim-defendant Hayes' motions for attorney's fees and costs.

Denied is defendant Mullaney's motion for attorney's fees and costs.

Defendants Mullaney and Corallo shall be stricken from the case caption.

Denied is defendant-counterclaimant's motion to stay the instant proceedings.

Oral argument on summary judgment motions shall be heard on October 30, 2015 at 10 a.m. in Courtroom 10B South. All motion papers are to be submitted to the court by October 10, 2015. The magistrate judge is requested to expedite discovery to conform with this schedule. Hr'g Tr. 28:22–25, 29:1–4; *cf.* Order by Mag. Judge Mann, June 11, 2015, ECF No. 48.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: June 26, 2015
Brooklyn, New York