UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

BARAKA SMITH,                                    :

                    Plaintiff,        :   Dkt. No. 14-cv-04982 (JBW)(RLM)

      -against-                              :

THE CITY OF NEW YORK,                            :

                 Defendant.        :

-----------------------------------------------------x

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS, AND PLAINTIFF'S DISPUTED FACTS

Pursuant to Local Rule 56.1 of the Local Civil Rules of this Court, plaintiff by his lawyer Pamela D. Hayes submits plaintiff's disputed facts to be tried, and admits those undisputed facts which are no genuine issue to be tried.

1.      Plaintiff admits.

2.      Plaintiff admits.

3.      Plaintiff admits.

4.      Plaintiff admits.

5.      Plaintiff admits.

6.      Plaintiff denies.  Plaintiff denies, and complains regarding FDNY

EEO training regarding hazing, EEO Procedures in this instance sexual harassment policy, hostile work environment policy, failure to train and supervise policy (see Exh. 1).

7.    Plaintiff denies.  Plaintiff admits he had a right to make an EEO complaint to FDNY, including the right to file a complaint anonymously. However, plaintiff contends he did so file with the FDNY EEO (see Exh. 2), and they never did anything about plaintiff's complaint, which they were duty bound to take (see Exh. 3).  Furthermore, earlier this year, defendant went back to FDNY and they still did nothing about plaintiff's complaint, even after the criminal complaint was dismissed against plaintiff (see Exh. 4).

8.    Plaintiff admits.

9.    Plaintiff admits.

10.    Plaintiff admits.

11.    Plaintiff denies.  Plaintiff spoke to and was greeted by fellow firefighters and someone called out "hi sugar" which plaintiff took as a slight. Plaintiff then went to the kitchen and dropped off the traditional gifts of pies and cakes (see Exh. 5).

12.    Plaintiff admits.

13.    Plaintiff denies.  Plaintiff went upstairs to change into his uniform

and to find a locker.

14.   Plaintiff admits.

15.   Plaintiff admits he went to the locker room by himself (see Exh. 6).

16.   Plaintiff denies.  As plaintiff testified, he does not remember if anyone was there at the point he was going upstairs into the locker room (see testimony of Firefighter Corallo, and his diagram (see Exh. 7).

17.   Plaintiff admits.

18.   Plaintiff denies the sequence of defendant's assertion.  Plaintiff states while he was changing his clothes, two individuals grabbed him from behind.  One said I "like this brown sugar" while the other touched his genitals and private parts and simulated anal homosexual sex.  Plaintiff asserts that one individual later identified as Mullaney ran away and plaintiff was able to break loose (see Exh. 8).

19.   Plaintiff denies.  See ¶ 18 of plaintiff's Rule 56.1 Statement.

20.   Plaintiff admits, in more detail that he was struggling with both individuals and he was able to break loose and swung on Firefighter Corallo and started choking him to get him to stop (see Exh. 9).

21.   Plaintiff denies.  Firefighter Corallo contended he took plaintiff upstairs to help him find a locker.  They walked around looking for a locker when, according to Corallo, plaintiff just snapped for no apparent reason and choked him

into unconsciousness. See Corallo's diagram of what happened and who was present (see Exh. 7). Plaintiff contends he did not initially attack Corallo.

22.   Plaintiff denies. Plaintiff immediately got dressed after the altercation. Plaintiff asserts he let Corallo go after Corallo asked him to and Corallo received a PA announcement that he had a call. Corallo stated he answered the call which was about "overtime". Plaintiff stated he left and while he was downstairs Corallo came down and then asked him if he (plaintiff) wanted to do overtime (see Exh. 10).

23.   Plaintiff denies. Plaintiff was placed in emotional pain as Mullaney and Corallo sexually abused him (see Exh. 11).

24.   Plaintiff admits.

25.   Plaintiff denies. Plaintiff went on a "run" with the other firefighters. Corallo was Chief Riordan's driver, and took the Chief to and from the run, in the Chief's vehicle. Corallo and plaintiff did not travel together to the run (see Exh. 12).

26.   Plaintiff denies. Plaintiff said he spoke to Firefighter DeFreitas after they came back from the run (see Exh. 13).

27.   Plaintiff admits.

28.   Plaintiff neither admits or denies what Burke said, as he did not

4

testify nor was an affidavit submitted for him.

29.    Plaintiff denies the sequence of defendant's ¶ 29 in that Corallo testified he first told Chief Riordan, who said he was not interested and was leaving, and Johnson was relieving him (see Exh. 14).

30.    Plaintiff admits.

31.    Plaintiff admits.

32.    Plaintiff admits.

33.    Plaintiff denies.  After plaintiff had given his version of what happened to Chief Coward and Chief Johnson, both he and Corallo was told to report to the Fire Department Medical Unit where he was seen by Dr. Deginnaro and told to go to the Counseling Unit, at a later date (see Exh. 15).

34.    Plaintiff admits.

35.    Plaintiff admits.

36.    Plaintiff admits.

37.    Plaintiff neither admits or denies.

38.    Plaintiff admits.  Dr. Degennaro commented on Corallo's injuries and said he saw nothing related to any injuries to what Corallo claimed (see Exh. 16).

39.    Mrs. Corallo called in a 311, alleging her husband had been hurt on the job and no one was doing anything about it (see Exh. 17).  The next day after

Corallo was released from the Fire Department Medical Unit, he went to the Police Department and made a complaint at the 75th Precinct where the firehouse was located (see Exh. 18).

40. Plaintiff cannot neither admit or deny as to whether Corallo was on medical leave.

41. Plaintiff denies. Plaintiff filed an EEO report with the Fire Department Office, which they have yet to do anything about through the date of this filing (see Exh. 2).

42. Plaintiff admits.

43. Plaintiff admits.

44. Plaintiff denies, as the Fire Department EEO refused to take any document from plaintiff (see Exh. 4).

45. Plaintiff admits. However plaintiff was not allowed to make a cross complaint, at the precinct when he was arrested.

46. When the case went to the "ECAB Bureau", of the District Attorney's Office, the case was written up as a felony (see Exh. 19). The case was then presented to a Grand Jury Panel where two witnesses testified (Riordan and Johnson), but the KCDAO withdrew the case and reduced the matter to a misdemeanor. Later the matter was reduced to a "B" misdemeanor. Note, the

6

matter was reduced once Corallo changed his story and told the ADA he did not loose consciousness or black out (see Exh. 20).

47.    Plaintiff denies.  After the case had been further reduced to a "B" misdemeanor, the Kings County District Attorney's Office (KCDAO) offered plaintiff an "ACD with an <u>immediate</u> sealing" (emphasis added), without any conditions (see Exh. 21).

48.    Plaintiff denies.  Plaintiff went to the Fire Department's Health Services the same night he was told to do so by the Chief (see Exh. 15).  He was then told to report to Counseling.

49.    Plaintiff denies, as he was placed on medical leave for over a year, until he was placed on light duty (see Exh. 22).

50.    Plaintiff admits.

51.    Plaintiff admits.

52.    Plaintiff denies.  Plaintiff has not been determined that he should remain on light duty, consequently plaintiff is not in agreement that he is on light duty and not capable of performing overtime like Corallo.

53.    Plaintiff denies.  Plaintiff filed charges of discrimination with the NYC Human Rights Commission who refused to cross file with the EEOC as they were supposed to do, even after plaintiff asked them to file and obtain a Right to

Sue Letter, for him (see Exh. 23). Furthermore, the Fire Department EEO did the

same thing. Plaintiff could not file with the EEC once he filed with the City.

54.   Plaintiff denies. See ¶ 53. It is up to NYCHRC to obtain a Right to

Sue Letter for the individual who asks them to do so.

55.   Plaintiff denies. As he was not allowed to make a cross complaint

and there are no documents from KCDAO to establish this.

56.   Plaintiff denies. There were no charges ever filed against Mr.

Corallo, for which he could have counsel. Mr. Corallo hired a civil firm to sue te

City of New York and Mr. Smith (see Exh. 24).

57.   Plaintiff denies. See ¶¶s 55 and 56.

58.   Plaintiff denies. There were never any charges against Corallo.

59.   Plaintiff denies. See statements made by the Fire Commissioner (see

Exh. 25).

60.   Plaintiff admits.

## MATERIAL DISPUTED FACTS NOT RAISED BY DEFENDANT CITY OF NEW YORK

61.   The New York City Fire Department has a sorted racial history where

African American have been subjected to racial discrimination and FDNY have

not done anything about it (see Exh. 26 [Firehouse Allowing African American

Firefighter to be Harassed While Being Confronted by a Firefighter in a Ku Klux Klan Hat and Mask at the Fire Department: (This Firehouse in Particular)]) (see Exh. 28).

62.   The City's Human Rights Commission was allowed to refuse to consider plaintiff's complaint for discrimination, against the Fire Department, because there was a criminal case pending against plaintiff at the time, which they have not done anything about even with time on the statute.

63.   The City of New York failed to properly train and supervise its employees knowing that hazing was illegal and in violation of EEOC Rules, and they continued to allow it to run rampant even knowing there were cases complained of before this case, which raised the issue (see Exh. 26).

64.   Plaintiff was treated differently based on his race.  Specifically, plaintiff took and passed the Lieutenant test for the Fire Department.  His number was picked and passed over because the Fire Department did not restore him to active duty, just to keep him from making grade (see Exh. 27).

65.   Plaintiff has been treated differently in that he has not been allowed to perform overtime while Corallo has been allowed to receive overtime. Plaintiff's salary has been cut in half and there is no reason why plaintiff should not be allowed to receive overtime, except plaintiff is being treated differently

based on his race (see Exh. 28).

66.     These items amount to a Hostile Work Environment, and Racial

Discrimination, and still the City refuses to do anything about them.


DATED:      New York, New York
            December 21, 2015


                        Respectfully submitted,


                        PAMELA D. HAYES
                        *Attorney for Plaintiff Baraka Smith*
                        200 West 57th Street, Suite 708
                        New York, New York 10019
                        (212) 687-8724 / (917) 216-6873 (Cell)
                        (212 956-9891 (Fax)
                        E-mail:  pdhayesesq@aol.com