UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARAKA SMITH, | **MEMORANDUM, ORDER AND JUDGMENT** |
| Plaintiff, | |
| – against – | 14-CV-4982 |
| CITY OF NEW YORK, | |
| Defendant. | |

**Parties**                          **Appearances**

**Baraka Smith**                     Pamela D. Hayes
                                     200 West 57th Street
                                     Suite 900
                                     New York, NY 10019
                                     Tel: (212) 687-8724
                                     Fax: (212) 980-2968
                                     Email: pdhayesesq@aol.com

**City of New York**                 Rachel Anne Cartwright
                                     New York City Law Department
                                     100 Church Street
                                     New York, NY 10007
                                     Tel: (212) 356-4083
                                     Fax: (212) 788-0777
                                     Email: rcartwri@law.nyc.gov

                                     William A. Grey
                                     New York City Law Department
                                     100 Church Street
                                     New York, NY 10007
                                     Tel: (718) 222-2018
                                     Fax: (718) 222-2087
                                     Email: wgrey@law.nyc.gov

1

JACK B. WEINSTEIN, Senior United States District Judge:

**Table of Contents**

I. Introduction ............................................................................................................. 2
II. Procedural Background ........................................................................................ 2
III. Factual Background .............................................................................................. 3
IV. Application ............................................................................................................ 5
V. Conclusion ............................................................................................................. 7

## I. Introduction

This is a discrimination and disparate treatment case brought by an African-American firefighter against the City of New York. He claims he was sexually abused by firefighters in their firehouse. Only the City of New York remains in the case.

While plaintiff may have a cause of action in the state court for assault, he does not have one under federal law. Subject matter jurisdiction is lacking. Defendant's motion for summary judgment is granted. The case is dismissed without costs or disbursements.

## II. Procedural Background

Plaintiff brought claims against the City of New York for (1) sex-based discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq.*; (2) race-based disparate treatment, in violation of 42 U.S.C. § 1981(a); and (3) failure to adequately train and supervise, pursuant to *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). See Compl., Aug. 21, 2014, ECF No. 1.

He also asserted claims against Fire Commissioner Daniel Nigro and two fire fighters who allegedly assaulted him. *See id.* Claims against the three individual defendants were either withdrawn or dismissed. *See Smith v. City of New York*, No. 14-CV-4982, 2015 WL 4008642, *5-6 (E.D.N.Y. June 30, 2015).

The City of New York moved for summary judgment on all remaining claims. *See* Not. of Mot. for Summ. J., Dec. 4, 2015, ECF No. 65. An evidentiary hearing on defendant's motion was held on January 25, 2016.

### III. Factual Background

Factual findings are based upon the evidence submitted in court as well as from Defendant's Local Rule 56.1 Statement of Undisputed Material Facts. *See* Hr'g Tr., June 3, 2015; Hr'g Tr., Jan. 25, 2016; ECF No. 64-1 ("56.1 Statement"); Pl.'s Response in Opp'n to Def.'s Rule 56.1 Statement of Undisputed Material Facts, & Pl.'s Disputed Facts, Dec. 21, 2015, ECF No. 66.

On May 25, 2013, plaintiff reported to FDNY's Engine 225 Ladder 107, to which he had been transferred from another firehouse. 56.1 Statement at ¶¶ 8-9. On his way to the locker room, an individual appeared in the hallway and said either "hey sugar" or "what's up sugar." Decl. of Sr. Cnsl. William A. Grey in Supp. of Def.'s Mot. for Summ. J., Dec. 4, 2015, ECF No. 64, at Ex. A (Oct. 22, 2015 Dep. of Baraka Smith) ("Smith Dep."), at 82:22-83:20. In the locker room, plaintiff became involved in a physical altercation with firefighter Salvatore Corallo. 56.1 Statement at ¶ 17; Smith Dep. at 99:5-106:4. Plaintiff contends that, as he was changing his clothes in the locker room, two firefighters, one of whom was firefighter Corallo, made sexual comments directed towards him, grabbed plaintiff from behind, touched his private parts and performed a simulated sex act. Smith Dep. at 99:5-106:4.

He alleges that he defended himself by taking a swing at firefighter Corallo and grabbed him around his neck. Firefighter Corallo contends that plaintiff attacked him and placed him in a chokehold. Plaintiff's own deposition testimony supports firefighter Corallo's version of the retaliatory attack. 56.1 Statement at ¶ 20; Smith Dep. at 108:2-110:12.

Later that evening plaintiff was informed that he was being relieved of duty because there was an allegation that he choked a firefighter into unconsciousness. Plaintiff then presented his version of the events to the supervisors in the office. 56.1 Statement at ¶¶ 31-32; Smith Dep. at 123:4-124:2. Both firefighter Corallo and Plaintiff were put on medical leave. 56.1 Statement at ¶ 38.

Plaintiff does not believe his superiors had any animosity against him. Smith Dep. at 138:1-4.

Firefighter Corallo filed a criminal complaint against plaintiff at the 75th precinct the day after the incident. Decl. of Pamela D. Hayes, Esq., Counsel to Pl. Baraka Smith, in Opp'n to Def.'s Mot. for Summ. J., Dec. 21, 2015, ECF No. 66-1, at Ex. 18.

The incident was brought to the attention of the FDNY Equal Employment Opportunity ("EEO") Office on Monday, May 27, 2013. Plaintiff was mailed a letter from the EEO office dated June 5, 2013; the letter requested that Plaintiff fill out an attached EEO Complaint form concerning the incident in the locker room. 56.1 Statement at ¶¶ 42-43; Decl. of Sr. Cnsl. William A. Grey in Supp. of Def.'s Mot. for Summ. J., Dec. 4, 2015, ECF No. 64, at Ex. C. Plaintiff did not fill out the EEO Complaint Form because he "didn't trust them." Smith Dep. 186:19-187:4.

Plaintiff was arrested following the altercation. Smith Dep. at 136:13-137:2; 153:4-9. He testified at his deposition that although arrangements had been made for him to surrender at the precinct, police officers came to his house and arrested him in front of his family. Based on this behavior, plaintiff concluded that the police officers knew firefighter Corallo prior to this incident. *Id.* at 153:10-25.

The Brooklyn District Attorney's Office charged plaintiff with a felony assault, but later downgraded it to a misdemeanor. 56.1 Statement at ¶ 45; Smith Dep. at 164:11-19. Plaintiff testified at his deposition that he believes there was either a conspiracy between the district attorney and the police or that the district attorney was racist. He bases this conclusion on the district attorney's prosecution of him while failing to press charges against the individual or individuals who allegedly assaulted him sexually. Smith Dep. at 159:11-161:25.

In July of 2015 the criminal case against Plaintiff ended with an adjournment in contemplation of dismissal. *See* Hr'g Tr., Jan. 25, 2016; *id.* at Court Ex. 7.

Firefighter Corallo went on medical leave for three to four months. Upon his return, he was placed on light duty status. Plaintiff was also placed on light duty status. 56.1 Statement at ¶ 51; Smith Dep. at 136:4-6.

## IV. Application of Law to Facts

The case against the City of New York – the only defendant – is dismissed for the reasons stated orally. *See* Hr'g Tr., Jan. 25, 2016, at p. 33, *passim*. Plaintiff's discrimination claims are based on the actions of the police officers who arrested him and the assistant district attorney who prosecuted him. The individual police officers have qualified immunity based on the complaint Corallo made. *See Cortes v. City of New York*, No. 15-CV-1718, 2015 WL 7776906, at *4 (E.D.N.Y. Dec. 2, 2015) ("Qualified immunity . . . will 'shield[ ] public officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known or insofar as it was objectively reasonable for them to believe that their acts did not violate those rights.' This standard protects 'all but the plainly incompetent or those who knowingly violate the law.'") (quoting *Bradway v. Gonzales*, 26 F.3d 313, 317-18 (2d Cir. 1994) and *Malley v. Briggs*, 475 U.S. 335, 341 (1986)); *Neu v. Corcoran*, 869 F.2d 662, 665 (2d Cir.

1989) ("Government officials performing discretionary functions . . . are protected by qualified, or good-faith, immunity."). The assistant district attorney, who plaintiff accuses of acting as part of a conspiracy or being racist, has absolute immunity in prosecuting and failing to prosecute. *See Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) ("because the initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions . . . the prosecutor has absolute immunity for the initiation and conduct of a prosecution unless [he] proceeds in the clear absence of all jurisdiction"); *Hill v. City of New York*, 45 F.3d 653, 660-61 (2d Cir. 1995) ("State prosecutors are entitled to absolute immunity for that conduct 'intimately associated with the judicial phase of the criminal process.' Thus, a district attorney is absolutely immune from civil liability for initiating a prosecution and presenting the case at trial.") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

The City is not liable. It had a strong, expressed policy not to allow the sexual touching complained of. *See* Hr'g Tr., Jan. 25, 2016, at Court Exs. 1-4.

Plaintiff has failed to present any evidence beyond his own suppositions supporting his claim that he was discriminated against because of his race. While plaintiff may have a state case for assault, he does not have a Title VII or Section 1981 claim.

There is no valid overtime cause of action. *See* Hr'g Tr., Jan. 25, 2016, at 33:18-38:23, Court Ex. 9. Records produced by defendant show that plaintiff was receiving the opportunity to work overtime, and was being paid for that overtime.

Plaintiff's claim for denial of a promotion to lieutenant is denied. Plaintiff was being investigated on criminal and departmental charges at the time. *See* Jan. 26, 2016 Letter from Jason Shelly, Assistant Counsel, New York City Fire Department Bureau of Legal Affairs, ECF No. 72 (identifying pending charges are reason for lack of promotion). It was appropriate to

keep his appointment in abeyance. There is no evidence of racial discrimination. *See id.* (stating that 22 of 25 African-American firefighters who passed the lieutenant's exam that plaintiff took were promoted); Hr'g Tr., Jan. 25, 2016, at 42-45.

## V. Conclusion

Defendant's motion for summary judgment is granted. The case is dismissed without costs or disbursements. The clerk is directed to enter judgment in favor of all defendants.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: January 27, 2016
Brooklyn, New York